UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62189-CIV-MARRA

GLORIA TAMAYO and all others
similarly situated under 29 U.S.C. 216(b)

    Plaintiff,

v

SPICE RESTO-LOUNGE, INC.;
FRANK C. HERNANDEZ;
ARNALDO BATISTA,

    Defendants.
_____/

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO AMEND COMPLAINT**

    COME NOW Defendants SPICY RESTO-LOUNGE, INC., FRANK C. HERNANDEZ, AND ARNALDO BATISTA, individually, by and through the undersigned counsel, and hereby file their Answer and Affirmative Defenses to Amend Plaintiff's Complaint under 29.USC 201-206 Overtime and Minimum Wage Violations, and as grounds thereof would state:

    1.    Admitted for jurisdiction purposes only.

    2.    Defendants are without knowledge as to the allegations in paragraph 2 and would demand strict proof therein.

    3.    Admitted for jurisdiction purposes only

    4.    Admitted for jurisdiction purposes only.

    5.    Admitted for jurisdiction purposes only.

    6.    Defendants are without knowledge as to the allegations in paragraph 6 and

would demand strict proof therein.

7. Denied.

8. Admitted for jurisdiction purposes only.

9. Admitted to the extent that the Code Section speaks for itself.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Admitted to the extent that the Code Section speaks for itself.

19. Denied.

20. Denied.

21. Denied.

22. Admitted to the extent that the Code Section speaks for itself.

23. Admitted to the extent that the Code Section speaks for itself.

24. Admitted to the extent that the Code Section speaks for itself.

25. Denied.

26. Admitted to the extent that the Code Section speaks for itself.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

31. As and for their first affirmative defense, Defendants would state that Plaintiff's claim is barred, in total or at least in part, by the applicable statute of limitations under the FLSA. Specifically, if the Court finds that any violation of the FLSA by Defendants was not willful, Plaintiffs' claims would accrue for only two years prior to the filing of their lawsuit.

32. As and for their second affirmative defense, Defendants would state that Plaintiff's claim is barred by the applicable statute of limitations and/or laches.

33. As and for their third affirmative defense, Defendants would state that Plaintiff's damages claim is barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

34. As and for their fourth Affirmative Defense, Defendants would state that Plaintiff may not recover liquidated damages and prejudgment interest on her FLSA claim because such relief would amount to a "double recovery."

35. As and for their fifth Affirmative Defense, Defendants would state that Plaintiff is equitably estopped from bringing an action for overtime wages as she failed to notify or otherwise prevented the Defendant from learning of any overtime work performed.

36.     As and for their sixth Affirmative Defense, Defendants would state that if the Court finds that any violation of the FLSA did occur, same was not willful, and Plaintiff is not entitled to liquidated damages therein.

37.     As and for their seventh Affirmative Defense, Defendants would state that if the Court finds that any violation of the FMWA did occur, same was done in good faith and Defendants had reasonable grounds to believe that paying Plaintiff pursuant to the tipped-credit guidelines was proper.  Accordingly, Plaintiff is not entitled to liquidated damages to this end.

38.     As and for their eight Affirmative Defense, Defendants would state that the applicable statute of limitations in an FMWA case limits the recovery claimed by Plaintiff in her Complaint to either five years or four years depending on the existence of a willful violation therein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          Respectfully Submitted,

          STRATTON FEINSTEIN & ASSOCIATES


          ___/s/ Brett Feinstein____ _____
          BRETT FEINSETIN, ESQ.
          Florida Bar No. 953120
          407 Lincoln Road, Suite 2A
          Miami Beach, Florida 33139
          Telephone: (305) 672-7772
          Facsimile: (305) 672-1038
          Email: brett@srlawfirm.com

**SERVICE LIST**

J.H. Zidell, Esquire
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL  33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogado@aol.com
*Attorney for Plaintiff*
*Served via CM/ECF*

Daniel T. Feld, Esquire
300 71st Street, Suite 605
Miami Beach, FL 33141
DanielFeld.Esq@gmai.com
*Attorney for Plaintiff*
*Served via CM/ECF*