UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62189-CIV-MARRA

GLORIA TAMAYO and all others
similarly situated under 29 U.S.C. 216(b)

      Plaintiff,

v

SPICE RESTO-LOUNGE, INC.;
FRANK C. HERNANDEZ;
ARNALDO BATISTA,

      Defendants.
_____/

**<u>DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT</u>**

NOW COMES, Defendants SPICY RESTO-LOUNGE, INC., FRANK C. HERNANDEZ, individually, AND ARNALDO BATISTA, individually, (hereinafter collectively referred to as "Defendants") by and through the undersigned counsel, and hereby move for Leave to File an Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint under 29.USC 201-206 Overtime and Minimum Wage Violations, and as grounds thereof would state:

1. The above styled cause is an action to recover alleged unpaid wages under 29 USC 201 *et. seq.*

2. Plaintiff amended its complaint on October 24, 2014.

3. Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint on October 28th, 2014.

4. Recently, pursuant to the deposition of the Plaintiff, Defendants and undersigned counsel have newly discovered evidence and information for which their Answer

must be amended to add a ninth Affirmative Defense in conformity with exceptions expressed in 29 USC 201 *et. seq.*, the evidence at hand, and federal case law.

5. Fed. R. Civ P 15(a)(2) " ... a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

6. Undersigned has reached out to Plaintiff and her counsel to obtain written consent prior to the filing of the present motion and Plaintiff has objected to same.

7. Leave of court should be freely given to amend Defendants' Answer and Affirmative as justice so requires it where the information giving rise to the defense was only recently obtained through discovery within the scheduled time afforded.

8. Moreover, the Amended pleading is in keeping with, <u>Foman v. Davis</u>, 371 U.S. 178 (1962), stating, "Leave to amend complaint should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of Amendment. *Id.* at 182.

9. None of the deadlines imposed by the court will be affected therein.

10. A copy of the amended pleading is attached hereto pursuant to Local Rule 15.1 and in conformity with Section 3I(1) of the CM/ECF Administrative Procedures.

WHEREFORE, Defendants pray this honorable court grant them leave of court to file an Amended Answer and Affirmative Defenses, award them attorneys fees and costs in bringing the present motion, and grant what other relief this court deems just and necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September, 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

STRATTON FEINSTEIN & ASSOCIATES

   /s/ Brett Feinstein
BRETT FEINSETIN, ESQ.
Florida Bar No. 953120
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139
Telephone: (305) 672-7772
Facsimile: (305) 672-1038
Email: brett@srlawfirm.com

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62189-CIV-MARRA

GLORIA TAMAYO and all others
similarly situated under 29 U.S.C. 216(b)

      Plaintiff,

v

SPICE RESTO-LOUNGE, INC.;
FRANK C. HERNANDEZ;
ARNALDO BATISTA,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COME NOW Defendants SPICY RESTO-LOUNGE, INC., FRANK C. HERNANDEZ, AND ARNALDO BATISTA, individually, by and through the undersigned counsel, and hereby file their Answer and Affirmative Defenses to Amend Plaintiff's Complaint under 29.USC 201-206 Overtime and Minimum Wage Violations, and as grounds thereof would state:

    1.    Admitted for jurisdiction purposes only.

    2.    Defendants are without knowledge as to the allegations in paragraph 2 and would demand strict proof therein.

    3.    Admitted for jurisdiction purposes only

    4.    Admitted for jurisdiction purposes only.

    5.    Admitted for jurisdiction purposes only.

    6.    Defendants are without knowledge as to the allegations in paragraph 6 and

would demand strict proof therein.

7. Denied.

8. Admitted for jurisdiction purposes only.

9. Admitted to the extent that the Code Section speaks for itself.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Admitted to the extent that the Code Section speaks for itself.

19. Denied.

20. Denied.

21. Denied.

22. Admitted to the extent that the Code Section speaks for itself.

23. Admitted to the extent that the Code Section speaks for itself.

24. Admitted to the extent that the Code Section speaks for itself.

25. Denied.

26. Admitted to the extent that the Code Section speaks for itself.

27. Denied.

28. Denied.

2

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

31. As and for their first affirmative defense, Defendants would state that Plaintiff's claim is barred, in total or at least in part, by the applicable statute of limitations under the FLSA. Specifically, if the Court finds that any violation of the FLSA by Defendants was not willful, Plaintiffs' claims would accrue for only two years prior to the filing of their lawsuit.

32. As and for their second affirmative defense, Defendants would state that Plaintiff's claim is barred by the applicable statute of limitations and/or laches.

33. As and for their third affirmative defense, Defendants would state that Plaintiff's damages claim is barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

34. As and for their fourth Affirmative Defense, Defendants would state that Plaintiff may not recover liquidated damages and prejudgment interest on her FLSA claim because such relief would amount to a "double recovery."

35. As and for their fifth Affirmative Defense, Defendants would state that Plaintiff is equitably estopped from bringing an action for overtime wages as she failed to notify or otherwise prevented the Defendant from learning of any overtime work performed.

36. As and for their sixth Affirmative Defense, Defendants would state that if the Court finds that any violation of the FLSA did occur, same was not willful, and Plaintiff is not entitled to liquidated damages therein.

37. As and for their seventh Affirmative Defense, Defendants would state that if the Court finds that any violation of the FMWA did occur, same was done in good faith and Defendants had reasonable grounds to believe that paying Plaintiff pursuant to the tipped-credit guidelines was proper. Accordingly, Plaintiff is not entitled to liquidated damages to this end.

38. As and for their eight Affirmative Defense, Defendants would state that the applicable statute of limitations in an FMWA case limits the recovery claimed by Plaintiff in her Complaint to either five years or four years depending on the existence of a willful violation therein.

39. As for their ninth Affirmative Defenses, Defendants would state that they have paid Plaintiff a base hourly rate and a portion of a service charge that is added to every service bill. This service charge is a commission, under the FLSA and the Florida minimum wage laws. Defendants have not violated any federal or state minimum wage laws because when added together, Plaintiff's base hourly rate pluse the commission are higher than the applicable minimum wage and respective laws. Additionally, Plaintiff falls within an exception to overtime wage laws at issue where Defendants payment to Plaintiff paid is based on hourly rate and a portion of a service charge that is added to every service bill which is equal to or greater than one and one-

half times the minimum hourly rate, and/or more than half of the Plaintiff's compensation is from commissions.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

STRATTON FEINSTEIN & ASSOCIATES

/s/ Brett Feinstein
BRETT FEINSETIN, ESQ.
Florida Bar No. 953120
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139
Telephone: (305) 672-7772
Facsimile: (305) 672-1038
Email: brett@srlawfirm.com

## SERVICE LIST

J.H. Zidell, Esquire
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL  33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogado@aol.com
*Attorney for Plaintiff*
*Served via CM/ECF*

Daniel T. Feld, Esquire
300 71st Street, Suite 605
Miami Beach, FL 33141
DanielFeld.Esq@gmail.com
*Attorney for Plaintiff*
*Served via CM/ECF*

7