UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62189-CIV-MARRA/MATTHEWMAN

GLORIA TAMAYO *and all others similarly situated under 29 U.S.C. 216(B)*

   Plaintiff,

vs.

SPICE RESTO-LOUNGE, INC.,
FRANK C. HERNANDEZ,
ARNALDO BATISTA,

   Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

Comes Now Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Response in Opposition to Defendants Motion for Leave File Amended Anwer and Affirmative Defenses to the Amended Complaint (the "Motion"), and in support thereof states as follows:

1. According to the Court's Scheduling Order entered on November 25, 2014, the deadline to amend pleadings and add parties was January 30, 2015. *See* [DE 15].

2. Defendants' Motion states, in paragraph 2, that "Plaintiff amended its complaint on October 24, 2014[,]" which is almost exactly a year ago to the day, and within the deadline to do so. Defendants' Motion further states, in paragraph 3, that "Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint on October 28, 2014[,]" just a few days later, and within the deadline to do so.

3. The deadline of January 30, 2015 to amend pleadings has long passed. The already-extended deadline of October 13, 2015 to complete discovery has also passed. *See* [DE 36].

4. In addition, paragraph 4 of Defendants' Motion states that Defendants and their counsel only recently discovered new evidence pursuant to the deposition of the Plaintiff and, pursuant to the information received only through Plaintiff's deposition, Defendants wish to add a ninth affirmative defense.

5. A review of Defendants' attached Proposed Amended Answer and Affirmative Defenses to Amended Complaint (the "Proposed Amended Answer") filed with Defendants' Motion shows that Defendants' proposed Ninth Affirmative Defense is based in evidence and information of which Defendants and their counsel have been in possession since the inception of this lawsuit over a year ago on September 23, 2014. In paragraph 39 of the Proposed Amended Answer, Defendants' proposed Ninth Affirmative Defense claims their payment practices did not violate any wage laws because Defendants paid Plaintiff "a base hourly rate and a portion of a service charge that is added to every service bill."

6. Defendants' Motion does not explain how Defendants and their counsel could not have known the method by which Defendants paid Plaintiff without hearing Plaintiff's testimony in a deposition.

7. Plaintiff's counsel took the depositions of Defendants and have already conducted discovery on Defendants' affirmative defenses.

8. Allowing any such amendment by Defendants proposed in the Motion would unfairly prejudice Plaintiff and, as a result, Defendants' Motion should be denied.

## Memorandum of Law

Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend, "leave shall be freely given when justice so requires." "The grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Failure to plead an affirmative defense generally results in the

waiver of the defense. An affirmative defense must be pleaded in the answer in order to give the opposing party sufficient notice of the defense and the ability to gather proper evidence and develop arguments to refute the defense." *Florida Health Sciences Ctr., Inc. v. Humana Med. Plan, Inc.*, 190 F. Supp. 2d 1297, 1304 (M.D. Fla. 2001).

When a party moves the court to amend its pleadings outside the Court-imposed deadline to do so, the requirements of good cause shown become more stringent. Fed.R.Civ.P. 16(b) requires the Court to enter a Scheduling Order which sets the deadline for parties to amend pleadings. Not only must a party comply with Rule 15 in seeking an amendment, but a party must comply with Rule 16(b) in seeking an extension under the Scheduling Order when seeking to amend the pleadings outside the deadline to do so. According to this Court, as stated in *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007):

> A scheduling order may be modified only upon a showing of good cause. *See United National Insurance Co. v. Owl's Nest of Pensacola Beach, Inc.,* No. 3:05CV374MCRMD, 2006 WL 1653380, *2 (N.D.Fla. June 8, 2006); *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes, *cited in Sosa,* 133 F.3d at 1418. In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. *See Forstmann v. Culp,* 114 F.R.D. 83, 85–86 (M.D.N.C.1987). Moreover, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made. *See Hayes v. Rule,* No. 1:03CV1196, 2005 WL 2136946, at *4 (M.D.N.C. August 19, 2005).

Defendants' Motion does not request an extension of the Scheduling Order under Rule 16, although Defendants' Motion seeks to amend the pleadings and add an affirmative defense outside the deadline. Defendants' Motion therefore fails to show good cause as to why the Scheduling Order should be modified to amend Defendants' pleadings. Additionally, Defendants

have not shown that they were unable to come into possession of the evidence and information necessary for the amended pleadings despite their exercise of due diligence. In fact, Defendants were in possession of the evidence and information cited to in their proposed Ninth Affirmative Defense from the onset of the case, as Defendants knew or should have known the method by which they paid Plaintiff. As such, Defendants have not shown any good cause as to why they should be allowed to amend their answer and affirmative defenses almost ten (10) months after the Court's deadline to do so.

Finally, Plaintiff emphasizes that the deadline for discovery in this case has passed, and Plaintiff has already taken Defendants' depositions and has lost any further opportunity to conduct additional discovery of Defendants' proposed Ninth Affirmative Defense. In the interest of justice and pursuant to the Federal Rules and the applicable case law cited above, Defendants' Motion should be denied.

WHEREFORE, Plaintiff respectfully requests that Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses to Amended Complaint [DE 37] be denied in its entirety.

      Respectfully Submitted,

      J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151
jgarrett.jhzidellpa@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on all counsel or parties of record on the Service List below on October 19, 2015.

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Julia M. Garrett_____
Julia M. Garrett, Esq.
Florida Bar No.: 105151
jgarrett.jhzidellpa@gmail.com

## SERVICE LIST

Brett Feinstein, Esq.
Stratton Feinstein & Associates, P.A.
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139
Phone: 305-672-7772
Fax: 305-672-1038
Email: brett@srlawfirm.com
*Attorney for Defendants*