UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62189-CIV-MARRA

GLORIA TAMAYO and all others
similarly situated under 29 U.S.C. 216(b)

    Plaintiff,

v

SPICE RESTO-LOUNGE, INC.;
FRANK C. HERNANDEZ;
ARNALDO BATISTA,

    Defendants.
_____/

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

NOW COME, Defendants SPICY RESTO-LOUNGE, INC., FRANK C. HERNANDEZ, individually, AND ARNALDO BATISTA, individually, (hereinafter collectively referred to as "Defendants") by and through the undersigned counsel, and hereby file their Reply to Plaintiff's Response in Opposition to Defendants' Motion for Leave to Amend Their Answer and Affirmative Defenses to the Amended Complaint as follows:

1. Notwithstanding the fact that Plaintiff has not bothered to explain why it did not file her response to Defendants' Motion for leave to file Amended Answer and Affirmative Defenses and thus, answer the Order to Show Cause[1], Plaintiff's main argument in opposition appears to be that there is no way Defendants could not have known Plaintiffs claim from the outset.

---

[1] The Court will note that in a subsequently filed Motion, Plaintiff did not appear at the duly scheduled mediation in this matter.

2. Plaintiff's argument must fail, however, for it is indeed true that Plaintiff only provided illumination as to her true claim at her deposition and not before this time.  Accordingly, Defendants' Motion is well taken.

3. A review of the applicable documents reflecting Plaintiff's claims are as follows, to wit:

    a. Paragraphs 15 and 16 of the Amended Complaint wherein it states:

    "15.  While Plaintiff did earn tips, said tips were shared among non-tipped employees and Defendants failed to properly advise Plaintiff of her rights.  As such Defendants are not entitled to a tip credit.

    "16.  Between the period of on or about December 1, 2008 through on or about September 11, 2014, Plaintiff worked an average of 47 hours a week for Defendants and was paid an  average of $3.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in week as required by the Fair Labor Standards Act.  Plaintiff therefore claims the half time overtime rate based on applicable minimum wage rate for each hour worked above 40 in a week."

    b. Thereafter, in her response to Interrogatory No. 13: "Please state all facts supporting your claims in Paragraph 15 of the First Amended Complaint", Plaintiff only states the following:

    "Answer:  Defendants required Plaintiff to share portions of her tips with the hostesses, bartenders, busboys, food runners, and cooks.  To the best of Plaintiff's knowledge, many of these employees did not receive tips from customers as part of the regular course of business in their

       positions.  The rule and practice of Plaintiff sharing her tips was never explained by Defendants."

4. It is not until Plaintiff's deposition however is it learned that the tip pool to which she is referring (and complains) is a service charge which established case law states quite clearly that it is absolutely permissible to apportion same (and takes this entire matter out of the tip credit discussion).  See excerpts from the deposition attached hereto as Exhibit "A".

5. Under the circumstances, it is evident that Defendants could not have ascertained what Plaintiff's "true argument was" based upon the bare-boned allegations in the Amended complaint and her response to Interrogatories.  Neither of these claims nor responses come anywhere close to detailing the true nature of the claim.  While Defendants' Answer and Affirmative Defenses are still sufficient to defend against the issue, and a Motion for Summary Judgment will be filed to this end, now that the information is available to Defendants, they should be allowed to amend their Affirmative Defenses to avoid any controversy.  Plaintiff should not be allowed to profit by hiding behind vague, cookie-cutter responses to the Defendants' detriment.  More importantly, nothing has changed in this matter by way of discovery and the like which requires a change in the scheduling order.

6. Based on the foregoing, Defendants should be permitted leave to amend their Answer and Affirmative Defenses.

WHEREFORE, Defendants respectfully pray for this Court's Order Granting Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses, as well as any and all other relief deemed necessary and appropriate under the circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully Submitted,
STRATTON FEINSTEIN & ASSOCIATES

    /s/ Brett Feinstein
BRETT FEINSETIN, ESQ.
Florida Bar No. 953120
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139
Telephone: (305) 672-7772
Facsimile: (305) 672-1038
Email: brett@srlawfirm.com