UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:14-CV-62189-KAM

GLORIA TAMAYO and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff,

vs.

SPICE RESTO-LOUNGE, INC., et al.

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

This matter is before the Court on Defendants' Motion for Sanctions (DE 39). This matter is ripe for review. For the following reasons the Court grants the motion in part.

In its scheduling order, the Court required the parties to mediate this case pursuant to Local Rule 16.2. (DE 15 ¶ 6.) Local Rule 16.2(e) requires all parties to be physically present at the mediation unless excused in writing by the Court and states that "[f]ailure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court." Federal Rule of Civil Procedure 16(f) also authorizes a court to sanction a party that fails to obey a scheduling or other pretrial order.

Mediation in this case was held on October 1, 2015. (DE 38.) The mediator's report indicates that Defendants and their attorney were present and Plaintiff's attorney was present, but Plaintiff did not appear. (DE 38.) The parties dispute the reason for Plaintiff's failure to appear, but the explanation offered by Plaintiff—confusion regarding the date—does not suffice as a substantial justification.

Defendants moved for sanctions for Plaintiff's failure to appear at the scheduled mediation. Defendants state that they are entitled to the mediation fee ($375.00) and fees for 4.5 hours of their attorney's time. The 4.5 hours comprise 2 hours of preparation time, 2 hours of travel time, and .5 hours of time spent at the mediation. Defendants' attorney bills at a rate of $425.00 per hour and Plaintiff has not disputed the reasonableness of that rate.

The Court grants Defendants' motion in part. The Court agrees with Plaintiff that the time Defendants and their attorney spent preparing for the mediation was not "wasted time" because that preparation will still be useful when the parties actually mediate this case. Plaintiff also questions the two hours of travel time claimed by Defendants' attorney given that his office is only slightly more than 20 minutes away (16-17 minutes without traffic) from the location of the mediation.[1] In their reply, Defendants fail to address this. Plaintiff also states, and Defendants do not dispute, that the half hour spent at the mediation was not completely unproductive because the attorneys conducted an "informal mediation" and discussed relevant legal issues in the case.

The Court finds that a sanction of the mediator's fee and one hour of Defendants' counsel's time is appropriate. The Court finds that two (2) hours of travel time is excessive and the half hour spent at the mediation had some value.

According, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Sanctions (DE 39) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall pay Defendants $800.00 to pay for the mediator's fee ($375.00) and one hour of Defendants' counsel's time ($425.00). Defendants' motion is denied in all other respects. It is further **ORDERED AND**

---

[1] The Court has consulted a map to verify Plaintiff's claim. The Court takes judicial notice of the distance between the office of Defendants' attorney and the mediation site.

**ADJUDGED** that the parties shall mediate this case no later than **Tuesday, December 1, 2015**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of November, 2015.

_____
KENNETH A. MARRA
United States District Judge