UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:14-CV-62189-KAM

GLORIA TAMAYO and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff,

vs.

SPICE RESTO-LOUNGE, INC., et al.

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

This matter is before the Court on Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses to Amended Complaint (DE 37). This matter is ripe for review. For the following reasons the Court denies the motion.

### I. Background

Plaintiff, who formerly worked for Defendants as a server, brought this action against Defendants alleging minimum wage and overtime violations of federal and state labor laws. (DE 12.) On September 21, 2015—almost eight months after the deadline to amend pleadings as set forth in the Court's scheduling order—Defendants moved for leave to file an amended answer to assert the following additional affirmative defense:

> As for their ninth Affirmative Defenses [sic], Defendants would state that they have paid Plaintiff a base hourly rate and a portion of a service charge that is added to every service bill. This service charge is a commission, under the FLSA and the Florida minimum wage laws. Defendants have not violated any federal or state minimum wage laws because when added together, Plaintiff's base hourly rate pluse

1

> [sic] the commission are higher than the applicable minimum wage and respective laws. Additionally, Plaintiff falls within an exception to overtime wage laws at issue where Defendants [sic] payment to Plaintiff is based on hourly rate and a portion of a service charge that is added to every service bill which is equal to or greater than one and one-half times the minimum hourly rate, and/or more than half of the Plaintiff's compensation is from commissions.

(DE 37 at 8–9.)

Without providing additional detail, in their motion Defendants claim they need to add this affirmative defense because "pursuant to the deposition of the Plaintiff, Defendants and undersigned counsel have newly discovered evidence and information for which their Answer must be amended." (DE 37 ¶ 4.) Despite moving months after the deadline to amend pleadings, Defendants state in their motion that "[n]one of the deadlines imposed by the court will be affected therein." (DE 37 ¶ 9.) They also rely solely on the standard for granting leave to amend set forth in Federal Rule of Civil Procedure 15(a)(2) without mentioning the applicable good cause standard set forth in Rule 16(b)(4).

In opposition to Defendants' motion, Plaintiff responds that Defendants fail to show good cause as to why the Court's scheduling order should be modified to permit Defendants to amend their answer. Plaintiff argues that Defendants fail to show that, with the exercise of due diligence, they were unable to obtain the evidence and information that is the basis for the proposed new affirmative defense. Plaintiff also argues that Defendants in fact possessed the evidence and information cited in the proposed new affirmative defense since this case began, as Defendants knew or should have known how they paid Plaintiff.

In reply, Defendants refer to Plaintiff's allegations relating to a "tip pool" and discovery related to those allegations. Defendants also attach five-pages of Plaintiff's deposition without any explanation other than stating, "It is not until Plaintiff's deposition however is it learned that the tip

2

pool to which she is referring (and complains) is a service charge which established case law states quite clearly that it is absolutely permissible to apportion same (and takes this entire matter out of the tip credit discussion)." (DE 43 ¶ 4.) Despite their reference to "established case-law," Defendants do not cite a single case. Defendants also fail to explain the connection between the "tip pool" allegations and the proposed "service charge" defense.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides a "liberal" standard for granting leave to amend a pleading. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam). A scheduling order, however, "must limit the time to . . . amend the pleadings," and a deadline in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4). A post-deadline motion for leave to amend is effectively also a motion to extend the deadline. It is thus well-established that "when a motion to amend is filed *after* a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa*, 133 F.3d at 1418 n.2 (emphasis added). To consider the liberal Rule 15 standard without first considering whether good cause is shown under Rule 16(b)(4) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* at 1419.

Rule 16's "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243

3

F.R.D. 697, 699 (S.D. Fla. 2007). If the court finds that the party seeking leave to amend lacked due diligence, then the good cause inquiry ends with a denial of the motion. *Sosa*, 133 F.3d at 1418; *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 7962612, at *2 (S.D. Fla. Oct. 4, 2011). "Moreover, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-civ-80498, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008). Because the good cause standard is "more stringent" than the Rule 15(a)(2) standard, "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay*, 243 F.R.D. at 699.

### III. Discussion

The deadline for amending pleadings in this matter was January 30, 2015, but Defendants did not move for leave to amend until September 21, 2015. (DE 15 at 2; DE 37.) Defendants' proposed affirmative defense is that they did not violate the labor laws at issue when accounting for an amount *they added* to every bill in the form of a service charge, which *they paid* Plaintiff in addition to an hourly rate. (DE 37 at 8–9.)

Defendants fail to show that the evidence supporting their proposed amendment could not have been discovered with the exercise of reasonable diligence before the amendment deadline passed. Defendants should have known from the outset of this case that they added a service charge to every bill to supplement the servers' hourly wages. It is difficult to believe that an employer did not know, or at least could not have readily ascertained, how it paid its employees. This is especially so where the amount in question is an amount the employer added to every bill. Neither in their motion nor in their reply (nor in the attached deposition excerpt) do Defendants offer any explanation

for how, until this late in this case, they could not have discovered how they paid Plaintiff. Thus, their motion for leave to amend must be denied.[1]

### IV. Conclusion

According, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses to Amended Complaint (DE 37) is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

[1] The Court notes that Defendants claim in their reply that even without the proposed amendment their "Answer and Affirmative Defenses are still sufficient to defend against the issue," but they seek to amend "to avoid any controversy." (DE 43 ¶ 5.) By denying Defendants' motion for leave to amend, the Court expresses no opinion at this time on the question of whether the proposed defense is merely a denial of the allegations of Plaintiff's complaint which has already been advanced in Defendant's answer and hence can be asserted in defense of the claim without the amendment.